IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CULLEN THOMAS SMITH, JR.**                                                 **PLAINTIFF**

**VS.**                            **CIVIL ACTION NO.** 1:18-CV-233-SA-RP

**MUELLER COPPER TUBE COMPANY, INC.**                      **DEFENDANT**

**JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual and punitive damages for violation of the anti-retaliation provisions of the Americans with Disabilities Act ("ADA"), for discharging Plaintiff in order to avoid paying benefits afforded by Employment Retirement Income Security Act ("ERISA"), for violation of the Family and Medical Leave Act ("FMLA"), and for discharging Plaintiff without cause, in violation of the union contract. The following facts support the action:

1.

Plaintiff CULLEN THOMAS SMITH, JR. is an adult resident citizen of 6445 Highway 25 South, Fulton, Mississippi 38834.

2.

Defendant MUELLER COPPER TUBE COMPANY, INC. is a Tennessee corporation doing business in the State of Mississippi. Defendant may be served with process through its registered agent, C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232. At all relevant times, Defendant was an employer within the meaning of the Americans with Disabilities Act and the Employment Retirement Income Security Act.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, civil rights jurisdiction under 28 U.S.C. § 1343, for a cause of action arising under the Americans with Disabilities Act Amendments Act ("ADAAA"), 42 U.S.C. § 12101, *et. seq.*, the Family and Medical Leave Act, 29 U.S.C. § 2601, the Employment Retirement Income Security Act, 29 U.S.C. § 1001, *et seq*, and under a union contract.

4.

Plaintiff and his wife are both former long-term employees of Defendant.

5.

At all relevant times, Plaintiff was a member of the United Steelworkers Union, and the Union was under a fiduciary obligation to represent Plaintiff in the event of Plaintiff's discharge.

6.

During Plaintiff's employment, Plaintiff suffered a number of work-related injuries, resulting in his having to be off work. Plaintiff's wife also suffered from a disability under the ADA, and was discharged by the Defendant. Plaintiff's wife filed an EEOC charge and a Complaint against the Defendant for violation of the ADA.

7.

Plaintiff's wife's suit was ongoing on November 10, 2017, when Defendant discharged Plaintiff from his position. At the time of Plaintiff's discharge, Plaintiff had been off work for a work-related injury, and unable to work, beginning on October 4, 2017, until the date of his discharge.

8.

Plaintiff requested the Union represent him in his claim that he was discharged without cause. The Union did not wish to antagonize the company by faithfully representing Plaintiff. Accordingly, on August 6, 2018, it sent Plaintiff the attached letter (Exhibit "A"), claiming that it was not preceding with Plaintiff's grievance, because it did not think it could prevail in an arbitration hearing. The real reason was not that the Union did not think it could prevail, but it wished to maintain good relations with Defendant, and it knew of Defendant's hostility towards Plaintiff. The Union would, therefore, not represent Plaintiff by taking his case to arbitration. This failure to represent was in bad faith.

9.

In fact, Plaintiff's discharge was in violation of a number of federally protected rights:

a. Plaintiff's discharge violated the Family and Medical Leave Act since Plaintiff was discharged at a time when he was on medical leave, and without giving Plaintiff an opportunity to return to work from his medical leave;

b. Plaintiff's discharge was in violation of the anti-retaliation provisions of the Americans with Disabilities Act. Specifically, Defendant's agent had told Plaintiff that he was hostile towards Plaintiff and Plaintiff's wife because of the medical claims, and because of their claims against the company. Plaintiff's discharge was in violation of the anti-opposition and anti-retaliation provisions of the Americans with Disabilities Act;

c. Plaintiff's being employed by the Defendant caused Defendant a substantial amount in medical payments. Discharging Plaintiff in order to avoid paying these medical payments violated the anti-retaliation provisions of the Employment Retirement Income Security Act, 29 U.S.C. § 1140. Defendant discriminated against Plaintiff for receiving ERISA protected benefits, and retaliated against Plaintiff because he was receiving such benefits, and would receive them in the future; and

d. Defendant discharged Plaintiff without cause, in violation of the union contract. The Union, in bad faith, refused to enforce the arbitration

provisions of the contract because it decided to maintain a good relationship with the Defendant.

11.

Plaintiff has suffered mental anxiety and stress and lost income. Defendant's actions are outrageous, such that punitive damages should be awarded.

12.

Plaintiff has filed the EEOC charge, attached hereto as Exhibit "B," and has received the right-to-sue letter, attached hereto as Exhibit "C."

### REQUEST FOR RELIEF

Plaintiff requests actual and punitive damages in an amount to be determined by a jury, reinstatement, and reasonable attorneys' fees and costs.

RESPECTFULLY SUBMITTED, this the 13th day of December, 2018.

                      CULLEN THOMAS SMITH, JR., PLAINTIFF

By:   */s/ JIM WAIDE*
       JIM WAIDE
       MS Bar No. 6857

WAIDE & ASSOCIATES, P.A.
332 North Spring Street
Tupelo, MS 38804-3955
Post Office Box 1357
Tupelo, MS 38802-1357
Telephone: (662) 842-7324
Facsimile: (662) 842-8056
Email: waide@waidelaw.com

ATTORNEYS FOR PLAINTIFF